UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN LAWSON, et al.,

    Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,

    Defendant.

Case No. 15-cv-02384-TEH

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE**

    This matter comes before the Court on Defendant's motion to strike portions of Plaintiffs' first amended complaint. After careful consideration of the parties' briefing, the Court found this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). Defendant's motion to strike is hereby GRANTED, for the reasons set forth below.

**BACKGROUND**

    As the parties are familiar with the facts of this case, the Court provides only a brief summary of the procedural background. On September 23, 2015, the Court granted in part Defendant's motion to dismiss, clarifying the scope of the Price-Anderson Act, 42 U.S.C. § 2011 *et seq.*, as it pertains to Plaintiffs' claim. *Lawson v. Gen. Elec. Co.*, No. 15-CV-2384-TEH, 2015 WL 5591714 (N.D. Cal. Sept. 23, 2015). Most pertinent to this motion, the Court held that while the Price-Anderson Act is not a complete preemption statute, it does preempt causes of action that are based on duties of care that are inconsistent with the sole duty of care in a public liability action, which is proscribed by federal safety regulations setting forth radiation exposure limits. *Id.* at *4. Plaintiffs timely filed their First Amended Complaint ("FAC") on October 7, 2015. FAC (Docket No. 27). In the FAC, Plaintiffs assert two causes of action: a public liability action under the Price-Anderson Act, and a state law negligence claim. *Id.* at ¶¶ 28-35, 36-48.

**LEGAL STANDARD**

Before responding to a pleading, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted). A matter is "impertinent" if it "do[es] not pertain, and [is] not necessary, to the issues in question." *Id.* (internal quotation marks omitted).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored, as they are often used as delaying tactics. *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "However, when the motion may have the effect of making the trial of the action less complicated, or … streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States,* 512 F. Supp. 36, 38 (N.D. Cal. 1981).

**DISCUSSION**

Defendant takes issue with Paragraph 41 of Plaintiffs' FAC, which states, in part:

> […] Mr. Lawson can confidently rely on Cal. Evid. Code §669 as an evidentiary presumption for invoking negligence per se. […] G.E. violated **10 CFR §§ 20.1502** by failing to "monitor occupational exposure to radiation" during the repairs of its boiling water reactors, and for failing to "supply and require the use of individual monitoring devices" for contractors like Mr. Lawson. Similarly, by failing to provide control devices that reduce the level of radiation below a deep dose exposure and by failing to provide an audible alarm warning signal, G.E. was equally in violation of **10 CFR § 20.1601**.[…]

FAC ¶ 41 (emphasis added).

Defendant contends that "Paragraph 41 of the FAC should be stricken because it alleges the same theories of liability based on negligence per se that this Court has found are inconsistent with the Act and preempted."  Mot. to Strike at 4 (Docket No. 28). Defendants are correct that negligence per se theories of liability alleging a duty of care other than the regulations proscribing radiation exposure limits are preempted by the Price-Anderson Act.  *Lawson*, 2015 WL 5591714, at *4.  The two regulations referenced in Paragraph 41 may not remain in the FAC, as they would expand the duty of care in the case beyond the proper duty of care – radiation exposure levels proscribed by 10 CFR § 20.1201.  *David v. Hernandez,* 226 Cal. App. 4th 578, 584 (2014) ("Under the doctrine of negligence per se, the plaintiff 'borrows' statutes to prove duty of care and standard of care.") (internal citation omitted).  Thus, a negligence per se theory that enlarges the permissible duty of care is both immaterial and impertinent to the case at bar.

## CONCLUSION

For the above reasons, Defendant's motion to strike portions of Plaintiffs' First Amended Complaint is GRANTED, and Paragraph 41 of the First Amended Complaint is hereby STRICKEN as immaterial and impertinent.

**IT IS SO ORDERED.**

Dated:   11/30/15                                    _____
                                                              THELTON E. HENDERSON
                                                              United States District Judge

3