UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAWSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>    Defendant. | Case No. 15-cv-02384-TEH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** |

This matter came before the Court on April 4, 2016 for oral argument on Defendant's motion to transfer venue or, in the alternative, to dismiss. Docket No. 36. After careful consideration of the parties' written and oral arguments, the Court now GRANTS Defendant's motion to transfer venue for the reasons set forth below.

**BACKGROUND**

As the parties are familiar with the facts of this case, the Court provides only a brief summary. On May 28, 2015, Plaintiffs Steven and Darla Lawson ("Plaintiffs") filed the instant action against Defendant General Electric Company ("Defendant") for injuries Mr. Lawson incurred while providing welding services on Defendant's nuclear power plants throughout the United States and internationally over a period in excess of 12 years. Plaintiffs' original Complaint alleged several causes of action, including state law claims operating under strict liability and negligence theories. Docket No. 1.

On September 23, 2015, the Court granted in part Defendant's motion to dismiss, holding that many of Plaintiffs' claims were based on standards of care that were preempted by the Price-Anderson Amendments Act of 1988 ("Price-Anderson Act"), and allowing Plaintiffs to amend their Complaint "to assert a public liability action, or any cause of action that does not conflict with the Price-Anderson Act." Dismiss Order at 9-10

(Docket No. 25).  The Court rejected Defendant's argument that no nuclear incident had occurred in the Northern District of California, and therefore the Court lacked subject matter jurisdiction over Plaintiff's claims.  *Id.* at 8-9.  The Court found that the provision at issue was a venue provision, and "[a]ccepting all material allegations of fact in the Complaint as true," that venue was proper at that point in the proceedings.  *Id.* at 9.

Plaintiff timely filed a First Amended Complaint ("FAC").  Docket No. 27.  On motion by Defendant, the Court struck Paragraph 41 from the FAC because it purported to expand the duty of care in the case beyond the proper duty of care, which is established by the Code of Federal Regulations.  Strike Order at 3 (Docket No. 32).  After several months of targeted discovery, Defendant now moves to transfer venue on the basis that Plaintiff did not incur an occupational dose of radiation in the Northern District of California.

**DISCUSSION**

The Price-Anderson Amendments Act of 1988 governs public liability actions arising from nuclear incidents.  The term "public liability" means any legal liability arising out of or resulting from a nuclear incident.  42 U.S.C. § 2014(w).  The term "nuclear incident" means any occurrence causing bodily injury, sickness, disease or death arising out of or resulting from the radioactive, toxic, explosive or other hazardous properties of source, special nuclear or by-product material. 42 U.S.C. § 2014(q).  The Price-Anderson Act contains a venue provision, which states:

> With respect to any public liability action arising out of or resulting from a nuclear incident, the United States district court in the district where the nuclear incident takes place, or in the case of a nuclear incident taking place outside the United States, the United States District Court for the District of Columbia, shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy. Upon motion of the defendant . . . any such action pending in any State court . . . or United States district court shall be removed or transferred to the United States district court having venue under this subsection.

42 U.S.C. § 2210(n)(2).

Defendant correctly notes that there is a dearth of cases in which the plaintiff in a public liability action does not file suit in the district where the nuclear incident occurred. However, Defendant identifies *Sawyer v. Commonwealth Edison Co.*, 847 F. Supp. 96 (N.D. Ill. 1994), which addresses venue transfer under the Price-Anderson Act. The *Sawyer* Court considered the plain language of Section 2210(n)(2) and found that it was required to transfer the action to the Central District of Illinois, where the nuclear power plant at issue was located. *Id.* at 100.

"[A]nalysis of special venue provisions must be specific to the statute." *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 204 (2000). Plaintiffs argue that Mr. Lawson's situation is so exceptional that Section 2210(n)(2) should not apply, and instead the Court should apply the general venue statutes found at 28 U.S.C. §§ 1391 and 1404.[1] According to Plaintiffs, the Court should view Section 2210(n)(2) in light of the Price-Anderson Act's original emphasis on "extraordinary nuclear disasters" and find that Mr. Lawson's situation – being exposed to multiple exposures at multiple sites on multiple dates – was not envisioned when Congress enacted the venue provision. Opp'n at 2-3 (Docket No. 38).

However, in the most recent amendments to the Price-Anderson Act, Congress unmistakably intended to include all manners of "nuclear incidents" – not simply large-scale disasters – and made this amendment without altering the venue provision of the Act. *See Sawyer,* 847 F. Supp. at 100 ("The Price–Anderson Amendments Act does not contain any limiting language which would suggest that the 'nuclear incident' which causes the alleged personal injury must be an isolated nuclear occurrence."); *see also Gassie v. SMH Swiss Corp.*, No. 97-CV-3557, 1998 WL 71647, at *5-6 (E.D. La. Feb. 17, 1998) (nuclear incident occurred when radiation leaked slowly in small amounts from wrist watches).

---

[1] Plaintiffs cite repeatedly to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a); however, neither statute applies because the Price-Anderson Act's specific venue provision controls in this case. *See Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991) (Section 1391 is the general venue statute, which applies in non-diversity actions "except as otherwise provided by law"). Furthermore, application of a general venue statute in this case would render the Price-Anderson Act's venue provision superfluous.

3

1  Therefore, the Court finds that the specific venue provision of the Price-Anderson Act
2  supplants any other general venue provisions, and follows *Sawyer* in finding that the plain
3  language of the statute requires that the Court find venue to be proper only in a district
4  where Mr. Lawson received an occupational dose of radiation.

## I. NO RELIABLE EVIDENCE SUPPORTS VENUE IN THE NORTHERN DISTRICT OF CALIFORNIA

The burden of persuasion lies with Defendant, as the party seeking transfer. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Defendant has met this burden by demonstrating an absence of credible evidence that Mr. Lawson received an occupational dose of radiation at the Humboldt Bay Nuclear Power Plant ("Humboldt Bay"), which is the location upon which Plaintiffs rely. The Court considers evidence from several months of discovery in making its determination.

### A. Mr. Lawson's Form 4

The United States Nuclear Regulatory Commission ("NRC") consolidates and tracks the occupational radiation exposures of nuclear workers using a document called "NRC Form 4: Occupational Dose History" ("Form 4"). The operators of power plants and other licensees under the Price-Anderson Act are required to contribute to the Form 4. 20 C.F.R. § 20.2104. Mr. Lawson's Form 4 lists ten locations at which Mr. Lawson received occupational radiation exposure: (1) Niagara Mohawk Power Corp (Nine Mile Point 1); (2) Vermont Yankee Nuclear Power Corp (Vermont Yankee); (3) Consolidated Edison of New York (Indian Point 1); (4) Northeast Nuclear Energy Co. (Millstone 1); (5) Power Authority of the State of New York (Fitzpatrick); (6) Commonwealth Edison Co. (Quad-Cities 1); (7) Northern States Power Co. (Monticello); (8) Commonwealth Edison (Dresden 1); (9) Tennessee Valley Authority (Browns Ferry 1); and (10) Nebraska Public Power District (Cooper Station). Form 4, Ex. A to Dorsi Decl. (Docket No. 37).

Plaintiffs contend that Mr. Lawson's Form 4 is not an exhaustive list of the locations where Mr. Lawson incurred occupational radiation exposure. While it is true that

4

the Form 4 does not contain any international power plant information, Plaintiffs do not provide any support – other than Mr. Lawson's admittedly problematic memory – for the argument that the Form 4 is insufficient for determining locations where Mr. Lawson worked in the United States. Therefore, in the absence of evidence putting the information in dispute, the Court gives great weight to the locations listed on Mr. Lawson's Form 4 in determining whether venue is proper in this district.

### B.   Clifford Kellerman

The Court next turns to evidence regarding Clifford Kellerman. Mr. Kellerman is Mr. Lawson's brother-in-law, and was identified by Plaintiffs as a potential witness to support Mr. Lawson's alleged radiation exposure at Humboldt Bay. However, the evidence relating to Mr. Kellerman's knowledge of Mr. Lawson's purported work is unreliable and inconsistent with the other evidence before the Court.

> ***i.   Plaintiffs' discovery responses regarding Mr. Kellerman's knowledge of Mr. Lawson's work at Humboldt Bay are inconclusive at best.***

When asked to identify all witnesses and information supporting their contention that Mr. Lawson worked at a nuclear facility in this district, Plaintiffs responded: "On information and belief, maybe Clifford Kellerman." Resp. to Interr. No. 7, Discovery Responses at 13, Ex. B. to Dorsi Decl. Furthermore, other discovery responses suggest that Mr. Kellerman lacks any information about Mr. Lawson's alleged work at Humboldt Bay, as Mr. Kellerman could not recall whether he worked there himself. Discovery Matrix, Ex. I to Dorsi Decl. (Mr. Kellerman's response to "Did Mr. Kellerman work at [Humboldt Bay]?" was "Do not recall."). Finally, all of Plaintiffs' discovery responses addressing Humboldt Bay are qualified by the phrase "on information and belief." Relying on such qualifiers without providing any other evidence is insufficient to rebut Defendant's showing that Mr. Lawson was not exposed to radiation at Humboldt Bay. *See Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989) (reliance on recollection and belief insufficient to create triable issue).

5

     ***ii. Mr. Kellerman's Declaration directly conflicts with other evidence.***

Plaintiffs' only evidence supporting Mr. Lawson's purported exposure to radiation at Humboldt Bay is a declaration from Mr. Kellerman, which states in pertinent part:

> It is my good faith recollection and belief that Mr. Steve Lawson did go to Humboldt Bay Nuclear Power Plant for the purpose of inspecting and preforming [*sic*] work. It is also my good faith recollection and belief that he was exposed to radiation at that site as we were exposed to radiation at all various GE boiling water nuclear reactors. While I do not have any records to support this recollection, I believe it was during the year of 1980.

Kellerman Decl. ¶ 6, Ex 1 to Bonner Decl. (Docket No. 39). The Court notes that this portion of the Kellerman declaration is also qualified with "recollection and belief," and is therefore not based upon personal knowledge of Mr. Kellerman's work and/or exposure. *See Jameson v. Jameson*, 176 F.2d 58, 60 (D.C. Cir. 1949) (personal knowledge requirement is not satisfied by a statement as to what the affiant "verily believes"); *Koester v. Amergen Energy Co.*, No. 06-3124, 2008 WL 879459, at *7 (C.D. Ill. Mar. 28, 2008) (determinations of exposure and dose are "well beyond the knowledge and expertise of any average person") (citation omitted).

    Finally, the Kellerman declaration is speculative and contradicted by the other evidence before the Court. By way of example, Defendant notes that elsewhere in the declaration, Mr. Kellerman describes Mr. Lawson performing work that would be done on an operational power plant; however, by the year 1980, Humboldt Bay had been offline for four years. Reply at 6. Therefore, it is not possible that the type of work described by Mr. Kellerman would have been performed at Humboldt Bay during that time period. Plaintiffs have made no effort to reconcile the contradictory Kellerman declaration with Plaintiffs' discovery responses, which state that Mr. Kellerman does not recall whether he worked at the facility.

    For these reasons, the Court affords minimal weight to the Kellerman declaration, finding that it is contradicted by other, more reliable evidence before the Court. Considering all of the evidence, the Court finds that Defendant has met its burden of

6

1  demonstrating that there is no evidence of Mr. Lawson incurring an occupational dose of
2  radiation in the Northern District of California, and therefore the action must be
3  transferred.

## II. THE NORTHERN DISTRICT OF ILLINOIS IS A PROPER VENUE.

In Plaintiffs' opposition brief, Plaintiffs state: "Should the court decide that a transfer of venue is proper, Plaintiffs request that the action be transferred to the U.S. District Court for the Northern District of Illinois in Chicago, Illinois." Opp'n at 5. Mr. Lawson's Form 4 indicates that he received an occupational dose of radiation at the Dresden Generating Station, which is located in the Northern District of Illinois. Form 4 at 2, Ex. A to Dorsi Decl. The Court finds that Mr. Lawson's Form 4 sufficiently establishes that venue is proper in the Northern District of Illinois for purposes of the Price-Anderson Act's venue provision. Transfer to the Northern District of Illinois gives due deference to Plaintiffs' choice of forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## CONCLUSION

For the reasons stated above, Defendant's motion to transfer venue is hereby GRANTED. The Clerk shall transfer the instant action to the Northern District of Illinois, Eastern Division, and shall terminate any pending dates and deadlines.

**IT IS SO ORDERED.**

Dated: 04/12/16                         _____
                                        THELTON E. HENDERSON
                                        United States District Judge